IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMMY WELLS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-18 (MTT) |
| GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC., *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss for Lack of Prosecution or, alternatively, to Compel Medical Authorizations and the Plaintiff's Deposition. (Doc. 118). For the following reasons, the Motion is **DENIED**.

### I.  FACTUAL AND PROCEDURAL HISTORY

The Plaintiff's complaint was filed on May 11, 2010, in the United States District Court for the Northern District of Georgia. (Doc. 1). After rulings on several motions, including two of the Defendants' Motions to Dismiss, the Northern District of Georgia transferred venue to this Court on January 12, 2012.[1] (Doc. 115).

The Plaintiff is proceeding pro se at this stage in the litigation.[2] The Plaintiff's remaining claims, according to the most recent Northern District of Georgia court order,

---

[1] It appears that Discovery Period was scheduled to expire on January 31, 2012. However, that discovery period and the previous dispositive motions deadlines were stayed pending a ruling on the Defendants' present Motion.

[2] The Plaintiff's first counsel was not certified to practice in Georgia, a fact the Plaintiff did not realize until after she hired the attorney. The Plaintiff's second counsel's Motion to Withdraw as Attorney (Doc. 99) was granted on December 5, 2011. (Doc. 103).

are: (1) the Plaintiff's racially hostile work environment claims brought pursuant to Title VII and § 1981 against Defendant General Dynamics Technology, Inc. (GDIT); (2) the Plaintiff's retaliation claims brought pursuant to Title VII and § 1981 against Defendant GDIT and Defendant Michael Ragland; and (3) the Plaintiff's identity theft claims, including a claim for punitive damages, against Defendants Gwendolyn Krind, Tabitha Waldrop and Elizabeth Lines.  (Doc. 68).

The Defendants' moved to dismiss for failure to prosecute or, alternatively, to compel the Plaintiff to sign medical authorizations and appear for her deposition.  (Doc. 118).  First, the Defendants allege, that the Plaintiff "has failed and refused to complete her own deposition, which began almost three months ago on November 3 and 4, 2011." (Doc. 118-1 at 2).  They also allege that she refused to execute medical records and Social Security release forms.  Last, the Defendants allege, the "Plaintiff has perjured herself repeatedly … [and] has delayed this matter unreasonably in an effort to prosecute meritless claims." (Doc. 118-1 at 2).

## II.  MOTION TO DISMISS FOR LACK OF PROSECUTION

The Defendants' Motion to Dismiss for Lack of Prosecution is **DENIED**.  Pursuant to Federal Rule of Civil Procedure 41(b) a "district court is authorized on [the] defendant's motion to dismiss an action for failure to prosecute or to obey a court order or federal rule." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  The legal standard pursuant to Rule 41(b) provides that a dismissal is warranted when "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.  Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."  *Id.*  "A finding of such extreme

circumstances necessary to support the sanction of dismissal must, *at a minimum*, be based on evidence of willful delay…." *McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (emphasis added).  In addition, the Court should not take into account the probable merit of a litigant's case when determining whether to impose the sanction of dismissal.  *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993).

Here, the Plaintiff's conduct does not rise to the level necessary to warrant dismissal for failure to prosecute.  The record shows that, at the Plaintiff's request, the Parties scheduled a two day deposition for November 3 and 4, 2011, in Atlanta, Georgia.  All five Defendants were present at the video deposition.  On the first day, the Plaintiff's deposition lasted for approximately three hours of on-air time.  The Plaintiff then requested a recess for the day. The Parties eventually reconvened at 1:05 p.m. the next afternoon, three hours after the scheduled time, and the Plaintiff was unable to be deposed for more than approximately thirty minutes because she was heavily medicated and her eyes were closed.[3]

The Plaintiff's counsel withdrew from representation on December 5, 2011, and on December 30, 2011, defense counsel began contacting the Plaintiff in an attempt to obtain her signature on the medical and Social Security release forms and to schedule a date to complete her deposition.   On January 6, 2012, after the Plaintiff had not responded to the requests, defense counsel unilaterally noticed the Plaintiff's deposition for January 19, 2012.  That same day, the Plaintiff responded to defense counsel,

---

[3] The Plaintiff alleges she was in intense pain during the duration of the deposition.  She further alleges that the accommodations at defense counsel's firm made her pain worse.

asserting that she was having health problems, planning a funeral, and attempting to obtain new counsel. She stated she would be unable to comply with defense counsel's requests. After some back and forth, the Plaintiff emailed the Northern District Magistrate Judge's courtroom deputy asserting that "[her] health precludes [her] from returning to the jurisdiction. Therefore, [she is] unable to conduct discovery or depositions. [She] is requesting a continuance for sixty days for recovery and an opportunity to find new counsel." (Doc. 118-1 at 9). For reasons not entirely clear to this Court, and after the case had been pending in the Northern District for approximately nineteen months, the Magistrate Judge granted the Defendants' motion to transfer venue and transferred the case to the Middle District of Georgia. (Docs. 91 and 115).

On January 17, 2012, defense counsel notified the Plaintiff that the Defendants were still planning on conducting her deposition as scheduled on January 19, 2012. The Plaintiff responded she was unable to fly because of health reasons. Defense counsel then told the Plaintiff the deposition could be moved to counsel's Washington, D.C. office, a closer location to Germantown, Maryland where the Plaintiff lived. The Plaintiff still insisted she would not be able to attend deposition because of health reasons. She did not attend the scheduled deposition.

The Court is concerned with the Plaintiff's reluctance to complete her deposition. However, her conduct does not create an "extreme circumstance" worthy of granting a dismissal with prejudice in this case. There is not a "clear record of delay or willful contempt." Although the Defendants properly noticed the Plaintiff's deposition, the correspondence between defense counsel and the Plaintiff makes clear that the Plaintiff

told defense counsel that she would not be able to attend the deposition. The Defendants further argue that the Plaintiff is attempting to "prosecute meritless claims." However, the Court cannot consider the merits of the underlying claims when making a decision on a motion to dismiss for failure to prosecute.

The Plaintiff has not disobeyed this Court's orders, nor is there evidence she disobeyed the Northern District of Georgia's orders. Indeed, the Plaintiff responded to the Defendant's Motion to Dismiss, and obeyed the Court when it ordered her to sign and forward the medical authorizations for eighteen healthcare providers to defense counsel. Further, although the Defendants allege the Plaintiff willfully perjured herself during her deposition and interrogatories, there is no clear evidence of willful perjury. Inconsistencies, memory lapses and mistakes do not constitute willful perjury.

Accordingly, the Defendants' Motion to Dismiss for Failure to Prosecute is **DENIED**.

### III. MOTION TO COMPEL MEDICAL AUTHORIZATIONS AND THE PLAINTIFF'S DEPOSITION

The Defendants' Motion to Compel is **DENIED** as moot.[4] On April 3, 2012, the Court ordered the Plaintiff to sign the medical authorizations provided by the Defendants and forward them to defense counsel. (Doc. 129). The Plaintiff moved for

---

[4] The Defendants allege in the Motion that they want the Plaintiff to sign a Social Security release as well. The Court did not receive the Social Security release form with the medical records release forms from the Defendants. If the Defendants have not obtained a signed Social Security release form from the Plaintiff, and still would like one, they should send the Court a copy of the Social Security release for review. The Court will then handle it in the same manner it handled the medical records release forms.

reconsideration of the Court's Order, which was granted in part and denied in part.[5] (Doc. 134). Defense counsel has now received all of the signed medical record authorizations ordered by the Court. The Court will address the Plaintiff's deposition below. Accordingly, the Motion is **DENIED** as moot.

### IV. DISCOVERY PERIOD AND DISPOSITIVE MOTIONS DEADLINE

The discovery period will expire on August 31, 2012. The Plaintiff's deposition will be completed by June 28, 2012. Once defense counsel has received the Plaintiff's medical records, the parties will schedule the Plaintiff's deposition at a mutually agreeable location and notify the Court. If there are further issues regarding the Plaintiff's deposition, counsel will notify the Court, and the Court will convene the deposition in Macon, Georgia. Dispositive motions and *Daubert* motions are due October 1, 2012, thirty days following the expiration of the discovery period.

**SO ORDERED**, this the 31st day of May, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[5] The Court did not require the Plaintiff to provide medical authorizations for two providers because the medical records did not appear to be related to the case.