IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMMY WELLS, | ) |
|         Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-18 (MTT) |
| GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC., *et al.*, | ) |
|         Defendants. | ) |

## ORDER

This matter is before the Court on the Plaintiff's Motion for Reconsideration (Docs. 145 and 146) of the Court's Order denying her Motion to Amend her Complaint (Doc. 143).[1] The Court previously denied the Plaintiff's Motion to Amend for several reasons, including (1) the amendment deadline was January 3, 2012, (2) several previous extensions have been granted for the Plaintiff because of her medical conditions and her mother's medical problems, (3) the underlying facts supporting her underlying claim are not newly discovered facts, and (4) because granting the motion would unduly prejudice the Defendants. This case has been pending since May 11, 2010 (Doc. 1), discovery is closed, except with regard to Dr. Keith Pressey's deposition (Doc. 142), and the dispositive motions deadline is November 30, 2012 (Doc. 142).

---

[1] The Plaintiff moved twice for Reconsideration on October 20, 2012. To her second Motion (Doc. 146) she attaches a Letter (Doc. 146-1) explaining why her Motion for Reconsideration was filed outside the permitted time period for filing Motions for Reconsideration. Though the Motions are untimely, and could be denied on that basis alone, the Court will consider the Motions as properly filed because there is no basis for granting the Motions for Reconsideration, even if timely filed.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6.  Further, "[i]n the interests of finality and conservation of scarce resources, reconsideration of an order is an extraordinary remedy which is to be employed sparingly." *DePass v. Unum*, 2012 WL 135394, * 1 (S.D. Fla.) (citing *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003)). "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Plaintiff has not met her burden.  She has alleged no intervening change in the law, has presented no new evidence not previously available to the parties, and the Court is not persuaded its previous ruling was clearly erroneous. Though the Court understands that the Plaintiff has been proceeding pro se since December 5, 2011, and that the Plaintiff has endured several medical procedures throughout litigation, these reasons cannot form the basis for granting her Motion for Reconsideration.  Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**. (Docs. 145 and 146).

**SO ORDERED**, this 22nd day of October 2012.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT